UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  0:19-CV-61898-RKA

DEENA PORRAS, KENNETH MCKENZIE,
and DEBORAH LITZ, individually and on
behalf of all those similarly situated,

      Plaintiffs,

v.

ENHANCED RECOVERY COMPANY,
LLC, d/b/a ERC,

      Defendant.
_____/

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs DEENA PORRAS ("Porras"), KENNETH MCKENZIE ("McKenzie"), and DEBORAH LITZ ("Litz"), individually and on behalf of all those similarly situated, sue ENHANCED RECOVERY COMPANY, LLC, d/b/a ERC ("Defendant") for violations of 15 U.S.C § 1692 *et seq*., the Fair Debt Collection Practices Act (the "FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act (the "FCCPA").

### DEMAND FOR JURY TRIAL

1.    Plaintiffs Porras, McKenzie, Litz (collectively, "Plaintiffs") are entitled to, and hereby respectfully demand, a trial by jury on all alleged counts and any issues so triable.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

3.    Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. § 1367.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

4. Venue in this District is proper because Plaintiffs resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

5. Porras is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6. McKenzie is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

7. Litz is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

8. Defendant is a Delaware corporation, with its principal place of business located in Jacksonville, Florida.

9. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

10. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiffs' debts.

## FACTUAL ALLEGATIONS

11. Defendant is registered as a "Consumer Collection Agency" with the Florida Office of Financial Regulation and Defendant's "Consumer Collection Agency" license number is CCA0900170.

12. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

13. Defendant is a business entity engaged in the business of collecting consumer debts.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

14. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. §559.55(7).

16. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

17. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant maintains, are current to within one week of the current date.

### PLAINTIFF PORRAS

18. On a date better known by Defendant, it (Defendant) began attempting to collect a debt from Porras. Attached hereto as Exhibit "A" is a copy of a letter Defendant mailed to Porras in an attempt to collect such debt (the "Porras-Letter").

19. At all times material, the debt Defendant sought to collect from Porras arises from an amount Porras allegedly owes and/or owed AT&T (account number ending in 9745) for the provision of telecommunication services to Porras, of which Porras primarily incurred for personal purposes. *See* Exhibit A.

20. The Porras-Letter represents Defendant's initial communication with Porras in connection with the collection of the debt sought therein.

21. Defendant engaged in conduct constituting "any action to collect [a] debt," *see* Fla. Stat. § 559.715, by mailing Porras-Letter to Porras.

### PLAINTIFF MCKENZIE

22. On a date better known by Defendant, it (Defendant) began attempting to collect a debt from McKenzie. Attached hereto as Exhibit "B" is a copy of a letter Defendant mailed to

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

McKenzie in an attempt to collect such debt (the "McKenzie-Letter").

23. At all times material, the debt Defendant sought to collect from McKenzie arises from an amount McKenzie allegedly owes and/or owed AT&T (account number ending in 3097) for the provision of telecommunication services to McKenzie, of which McKenzie primarily incurred for personal purposes. *See* Exhibit B.

24. McKenzie-Letter represents Defendant's initial communication with McKenzie in connection with the collection of the debt sought therein.

25. Defendant engaged in conduct constituting "any action to collect [a] debt," *see* Fla. Stat. § 559.715, by mailing McKenzie-Letter to McKenzie.

## PLAINTIFF LITZ

26. On a date better known by Defendant, it (Defendant) began attempting to collect a debt from Litz. Attached hereto as Exhibit "C" is a copy of a letter Defendant mailed to Litz in an attempt to collect such debt (the "Litz-Letter").

27. At all times material, the debt Defendant sought to collect from Litz arises from an amount Litz allegedly owes and/or owed AT&T (account number ending in 5829) for the provision of telecommunication services to Litz, of which Litz primarily incurred for personal purposes. *See* Exhibit C.

28. The Litz-Letter represents Defendant's initial communication with Litz in connection with the collection of the debt sought therein.

29. Defendant engaged in conduct constituting "any action to collect [a] debt," *see* Fla. Stat. § 559.715, by mailing the Litz-Letter to Litz.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## CLASS ALLEGATIONS

30. This action is brought on behalf of the following three classes: the "G-notice Class," the "Discount Class," and the "FCCPA Class."

31. The "**G-Notice Class**" consists of: [1] all persons with Florida addresses [2] who received a letter [3] from Defendant [4] during the twelve 12-months preceding the filing of this Complaint [5] and said letter states anywhere therein that: "*If you notify our office below in writing within the thirty-day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment that may be of record against you.*"

32. Plaintiffs Porras, McKenzie, Litz, are members of the G-Notice Class.

33. The "**Discount Class**" consists of: [1] all persons with Florida addresses [2] who received a letter [3] from Defendant [4] during the twelve 12-months preceding the filing of this Complaint [5] and said letter states anywhere therein that: "*We are authorized to resolve your account for less than the full balance by offering discounted options*," or "*We are authorized to resolve your account for less than the full balance.*"

34. Plaintiffs McKenzie and Litz are members of the Discount Class.

35. The "**FCCPA Class**" consists of: (1) all persons with Florida addresses (2) who received a letter (3) from Defendant (4) that violate the FDCPA as set forth in *Count I* or *Count II* below (5) during the twenty-four [24] months preceding the filing of this Complaint.

36. Plaintiffs Porras, McKenzie, Litz, are members of the FCCPA Class.

37. Plaintiffs alleges, on information and belief, each class is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical letters to addresses in Florida which violate the FDCPA and FCCPA as set forth below.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT**

38.     Common questions of law and fact exist as each of the proposed classes and otherwise predominate over any issues involving only individual class members.

39.     The factual and legal issues common to the G-Notice Class are whether Defendant mailed a letter to the class member in an attempt to collect a debt, whether said letter attempts to collect a consumer debt, whether said letter was Defendant's initial communication with the class member in connection with the collection of the underlying debt, and whether Defendant, by and through said letter, violated the FDCPA.

40.     The factual and legal issues common to the Discount Class are whether Defendant mailed a letter to the class member in an attempt to collect a debt, whether said letter attempts to collect a consumer debt, whether in said letter Defendant states it is authorized to resolve your account for less than the full balance, and whether Defendant, by and through said letter, violated the FDCPA.

41.     The factual and legal issues common to the FCCPA Class are whether members received a letter from Defendant, whether said letter attempts to collect a debt, and whether Defendant, by and through said letter, violated the FCCPA.

42.     Excluded from the class is Defendant's agents and employees, Plaintiffs' attorney(s) and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

43.     <u>TYPICALITY</u>

44.     Plaintiffs' claims are typical of the claims of each class member and are based on the same facts and legal theories.

45. ADEQUACY

46. Plaintiffs are adequate representatives of each of the classes.

47. Plaintiffs will fairly and adequately protect the interests of the classes.

48. Plaintiffs have retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA, TCPA, and consumer-based class actions. Neither Plaintiffs nor Plaintiffs' counsel have any interests which might cause them (Plaintiffs or Plaintiffs' counsel) to not vigorously pursue this action.

49. PREDOMINANCE AND SUPERIORITY

50. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate, in that: (a) the questions of law or fact common to the members of the class predominate over any questions affecting an individual member; and (b) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

51. Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, *in that*, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiffs request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

*COUNT I.*
**VIOLATION OF 15 U.S.C. § 1692g(a), § 1692g(b), and § 1692e**

52. Plaintiffs, individually and on behalf of the G-Notice Class, incorporates by reference paragraphs 1-51 as though fully stated herein.

53. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

PAGE | **7** of **15**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

54. Section 1692g(a) of the FDCPA mandates, *inter alia*, that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -
> …
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector….

*See* 15 U.S.C. § 1692g(a)(4).

55. Section 1692g(b) provides, among other things, that: "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *See* 15 U.S.C. 1692g(b).

56. The Porras-Letter, Litz-Letter, and McKenzie-Letter, did not contain the information explicitly required by 15 U.S.C. § 1692g(a)(4), and Plaintiffs were not notified of said omitted disclosures within five (5) days of having received their respective collection letter.

57. Here, in an attempt to comply with § 1692g(a)(4) of the FDCPA, each of the collection letters state "[i]f you notify our office below in writing within the thirty-day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt *or a copy of **any judgment that may be of record against you.**.*" See Exhibit A (emphasis added); Exhibit B (emphasis added); Exhibit C (emphasis added). This language fails to adequately inform the least sophisticated consumer of the rights he or she enjoys under § 1692g(a)(4) and otherwise

unlawfully overshadows the dispute rights enjoyed by the least sophisticated consumer under § 1692g(a)(4) of the FDCPA.

58. Even assuming the consumer notifies Defendant, in writing, within the 30-day timeframe that he or she disputes the underlying debt, Defendant does not satisfy its obligation(s) under the FDCPA by mailing a copy of "**any judgment**" to the consumer. In the event of a properly invoked dispute under § 1692g(a)(4), a debt collector must either (a) provide the consumer with documentation and/or information that validates the underlying debt; or (b) if the underlying debt has been reduced to a judgment, provide the consumer with a copy of such judgment. *See* 15 U.S.C. § 1692g(a)(4).

59. The Porras-Letter, Litz-Letter, and McKenzie-Letter, wrongfully causes the least sophisticated consumer to believe, for example, that if he or she disputes the underlying debt in writing with Defendant, that Defendant's only obligation is to provide the consumer with a copy of *any* judgment, even if the underlying debt has not been reduced to a judgment. This is simply false. Section 1692g(a)(4) clearly lays out the language which has uniformly been accepted as adequately informing the least sophisticated consumer of the rights he or she enjoys.

60. Defendant's manipulation and modification of the statutory language, specifically, replacing the phrase "a judgment" with "any judgment" causes the least sophisticated consumer to believe, for example, that if the consumer has any other judgments against him or her, regardless of whether that judgment was satisfied, is entirely unrelated to the underlying debt, or even barred by statute of limitations, and the consumer chooses to dispute the underlying debt pursuant to § 1692g(a)(4), Defendant will simply mail a copy of "any" such judgment to the consumer *without* providing *any* verification of the underlying debt to the least sophisticated consumer. Moreover, Defendant's statement that it will simply provide a copy of "any" judgment may cause the least

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

sophisticated consumer to believe that, if the consumer requests validation of the underlying debt pursuant to § 1692g(a)(4), and Defendant is unable to provide verification of said debt, Defendant will simply mail a copy of some *other* judgment to the consumer and collect that debt instead since Defendant need provide any verification of a debt reduced to judgment. Any of Defendant's propertied intentions behind *why* it modified the explicit language of the statute, Defendant's claims as to what it (Defendant) *meant* by the phrase "any judgment," or even Defendant's internal policy with respect to how Defendant handles disputes made under § 1692g(a)(4), is entirely irrelevant, as Defendant's violation of § 1692g(a), § 1692g(b), and § 1692e, are premised on the collection letter and the least sophisticated consumer understanding thereof.

61. Accordingly, by and through the Porras-Letter, Litz-Letter, and McKenzie-Letter, Defendant violated § 1692g(a), § 1692g(b), and § 1692e of the FDCPA by falsely informing the least sophisticated consumer, or at *minimum*, unlawfully misleading the least sophisticated consumer into believing, that Defendant need only provide a copy of "any judgment" to stratify its obligations under § 1692g(a)(4), by providing the least sophisticated consumer with a false statement, or at *minimum*, an unlawfully misleading statement, as to the rights enjoyed by the consumer under § 1692g(a)(4), and by unlawfully unlawfully overshadowing the rights the consumer enjoys under 15 U.S.C. § 1692g(a)(4).

62. WHEREFORE, Plaintiffs, individually and on behalf of the G-notice Class, requests this Court to enter judgment in favor of Plaintiffs and the G-notice Class and against Defendant for:

(a) Statutory damages, as provided under 15 U.S.C. §1692k;

(b) Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and

(c) Such other or further relief as the Court deems proper.

## *COUNT II.*
## VIOLATION OF 15 U.S.C. § 1692e and § 1692e(10)

63.     Plaintiffs McKenzie and Litz, individually and on behalf of the Discount Class, incorporates by reference paragraphs 1-51 as though fully stated herein.

64.     Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

65.     The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *See* 15 U.S.C. §1692e(10).

66.     Defendant violated § 1692e and § 1692e(10) of the FDCPA by utilizing false representations and/or deceptive means in an attempt to collect a consumer debt from Plaintiffs and/or obtain information concerning Plaintiffs.

67.     In simplest terms, in the Porras-Letter and McKenzie-Letter, Defendant falsely states, or at minimum, wrongfully misrepresents, the creditor's willingness to **settle** the underlying debts for less than the full amount as having the same result as paying the full amount of the underlying debt. *See, e.g.,* Exhibit B ("We are authorized to resolve your account for less than the full balance by offering discounted options" and "[u]pon receipt and clearance of the $974.01, your account will be satisfied."); Exhibit C (stating the same).

68.     Phrasing *settlement* as a *discount* is a false representation, or at minimum, misleading, to the least sophisticated consumer. For example, the least sophisticated consumer will falsely believe, or at minimum, be wrongfully mislead into believing, he or she is being offered a **discount** of the amount owed (*i.e.*, that underlying debt is being *discounted* rather than *settled*). This is simply false. Here, Defendant is not "offering discounted options" because what is being

PAGE | **11** of **15**

offered *is not a discount*. Defendant is offering **settlement** options. This is an important distinction. For example, **settling** a debt for less than the full amount is notated differently on a consumer's credit report differently than debts that are paid in full, whereby the former is *more harmful* to a debtor's credit than the latter. Further, when a consumer *settles* a debt for less than the full amount, the consumer is subject to certain tax consequences, in that, depending *how much less* the underlying debt is **settled** for, the consumer will be taxed on the difference between the full amount and the settlement amount. Simply put, phrasing *settlement* options as *discount* options is, plainly, a falsely representation, or a minimum, an unlawfully misleading representation of what is being offered to the least sophisticated consumer. Telling the least sophisticated consumer that he or she is being offered "discount options" will, for example, cause the consumer to erroneously believe no repercussions exist for accepting any of the "discount options." Further, *even if* the collection letters had stated that it was offering an opportunity to *settle* or that it was offering *settlement options*, the least sophisticated consumer would *still* be unlawfully mislead, as the collection letters, nevertheless, deceptively omit the fact that there are consequences, such as those mentioned above, if the consumer chooses to settle a debt for less than the full amount.

69.    Accordingly, by and through the Porras-Letter and McKenzie-Letter, Defendant violated § 1692e and § 1692e(10) of the FDCPA.

70.    WHEREFORE, Plaintiffs, individually and on behalf of the Discount Class, requests this Court to enter judgment in favor of Plaintiffs and the Discount Class and against Defendant for:

(a)    Statutory damages, as provided under 15 U.S.C. §1692k;

(b)    Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and

(c)    Such other or further relief as the Court deems proper.

PAGE | 12 of 15

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## *COUNT III.*
## **VIOLATION OF FLA. STAT. § 559.72(9)**

71. Plaintiffs, individually and on behalf of the FCCPA Class, incorporates by reference paragraphs 1-68 as though fully stated herein.

72. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

73. Here, the respective debts Defendant sought to collect from Plaintiffs are debt governed by the FDCPA. Defendant knew or should have known that, any attempt to collect a debt from a Florida consumer *must* conform to the FDCPA to be lawful. Put differently, for Defendant to lawfully seek the collection of any of the debts it (Defendant) sought to collect from Plaintiffs, Defendant knew, or should have known, that must its collection efforts, at minimum, *must* also comply with the FDCPA. As set forth in *Count I* and *Count II*, the collection letters mailed by Defendant violate the FDCPA. Accordingly, Defendant was stripped of any authority it *may have* had to *lawfully* seek the collection of the underlying debts in the collection letters because the collection letters are unlawful. Simply put, Defendant cannot lawfully collect a debt in an unlawful collection letter. For example, by failing to provide notice to Plaintiffs in conformance with § 1692g(a)(4) of the FDCPA, Defendant knew that, by mailing each of the respective collection letters to Plaintiffs, it (Defendant) was unlawfully seeking to collect a consumer debt from each of the Plaintiffs.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

74. Accordingly, by and through the Porras-Letter, Litz-Letter, and McKenzie-Letter, Defendant attempted to collect a debt from each of the Plaintiffs that Defendant knew it could not legally collect from each of the Plaintiffs, and in so doing, violated Fla. Stat. 559.72(9).

75. WHEREFORE, Plaintiffs, individually and on behalf of the FCCPA Class, requests this Court to enter judgment in favor of Plaintiffs and the FCCPA Class and against Defendant for:

(a) Statutory damages, as provided under Fla. Stat. § 559.7(2);

(b) Attorney's fees, litigation expenses and costs of the instant suit, as provided under Fla. Stat. §559.77(2);

(c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiffs and members of the FCCPA Class that are in violation of the FCCPA; and

(d) Such other or further relief as the Court deems proper.

DATED: September 4, 2019

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*

PAGE | **14** of 15

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 4, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

      /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259