UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

DEENA PORRAS, KENNETH
MCKENZIE, and DEBORAH LITZ,
Individually and on behalf of all those
similarly situated,

        Plaintiffs,

                                      CASE NO: 0:19-CV-61898-RKA

v.

ENHANCED RECOVERY COMPANY,
LLC, d/b/a ERC,

        Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Defendant, Enhanced Recovery Company, LLC ("ERC"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files this Motion to Dismiss the Amended Complaint filed by Deena Porras, Kenneth McKenzie, and Deborah Litz (collectively, "Plaintiffs"), and as grounds therefor states as follows:

    1.    On July 28, 2019, Ms. Porras filed a three-count complaint against ERC, concerning a letter ERC sent her seeking to collect an overdue AT&T account. Compl. (DE 1).

    2.    Ms. Porras claimed that ERC's letter contained violations of federal laws concerning debt collection because it did not adequately inform her of what ERC would do if she requested verification of her account, and because it contained misrepresentations concerning the effect of accepting an offer to pay less than what she owed on the subject account.

    3.    On August 22, 2019, ERC timely moved to dismiss Ms. Porras's complaint for failure to state a claim for which relief may be granted (DE 5).

4. On September 4, 2019, in accordance with Rule 15, Fed. R. Civ. Pro., Ms. Porras amended her complaint. In her Amended Complaint (DE 10), Ms. Porras joined the claims of Kenneth McKenzie and Deborah Litz, who had filed identical claims against ERC on similar letters, and proposed to represent a class of persons against ERC.

5. The three Plaintiffs assert the same claims as in Ms. Porras's original complaint, that ERC failed to adequately inform them of their validation rights, and misrepresented the effect of accepting an offer to pay less than what they owed to resolve their accounts.

6. These claims, however, fail upon a reading of the letters, attached as exhibits to the Amended Complaint, which show ERC tracked the language of the statute in making the disclosures the statute requires, thus fully complying with the statute, and, further, show that the letters contain no representation concerning the effect of paying less than the amount owed.

7. In their third claim, Plaintiffs' assert that the foregoing alleged violation of federal debt collection laws caused a *per se* violation of Florida's debt collection laws. As set forth above and more fully in the memorandum submitted herewith, there is no underlying violation of federal law and, in any event, courts in this District have repeatedly rejected the legal theory that a violation of federal debt collection laws, by itself, creates standing to sue for a violation of Florida law.

8. Accordingly, ERC seeks dismissal of the entirety of the Plaintiffs' Amended Complaint, with prejudice.

WHEREFORE, Defendant, Enhanced Recovery Company, LLC, respectfully requests that this Court enter judgment against the Plaintiffs and in its favor, dismissing the claims, with prejudice, awarding ERC its costs and attorneys' fees, and awarding such further relief as the Court deems necessary.

## MEMORANDUM OF LAW

**I.    Introduction**

    **a.  Issues before the Court**

The Plaintiffs filed a three-count Amended Complaint against Enhanced Recovery Company, LLC ("ERC"), alleging ERC violated provisions of the Fair Debt Collection Practices Act (the "Federal Act") and the Florida Consumer Collection Practices Act (the "Florida Act"). This motion presents two issues for this Court to resolve:

    1.    Under section 1692g of the Federal Act, a collector is required to disclose certain consumer rights including notice that, if the consumer submits a written request within thirty days, the collector will send the consumer "verification of the debt or a copy of a judgment against the consumer[.]" ERC's letters notified that, upon receipt of such a request, ERC would send the consumer "verification of the debt or a copy of any judgment that may be of record against [the consumer]." Did ERC's statement comply with section 1692g of the Federal Act?

    2.    The Plaintiffs claim ERC misrepresented the effect of accepting a settlement offer rather than paying the account in full. ERC's letter offered to resolve the subject account for less than the full balance and presented discounted options to resolve the account without any representations concerning the effect of paying less than the full amount owed to resolve the account. Did ERC misrepresent the effect of accepting a discounted settlement option?

Plaintiffs also ask the Court to impose liability against ERC under the Florida Act, premised *solely* on the alleged violations of the Federal Act. Findings in favor of ERC on the two issues presented would render the Florida claim moot. Moreover, because the Florida Act does not support *per se* liability based on Federal Act violations, the third claims fails as a matter of law. Accordingly, the Amended Complaint should be dismissed, with prejudice, for failure to state a claim for which relief may be granted.

### b. Legal Standard

A complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) if it does not contain more than mere labels or conclusory statements as to its claim; a formulaic recitation of the elements of the pled cause of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts cannot assume the validity of legal conclusions, and such conclusions must be supported by factual allegations. *Miljkovic v. Shafritz & Dinkin P.A.*, 791 F.3d 1291, 1297 (11th Cir. 2015). That is, legal conclusions may only provide the framework of the complaint; they must be supported by well-pleaded factual allegations. *Iqbal*, 556 U.S. at 679. The Court may properly consider exhibits as part of the complaint for purposes of a Rule 12 motion. *Miljkovic*, 791 F.3d at 1297 n.4; Fed. R. Civ. P. 10(c). Accordingly, when ruling on the motion to dismiss, the Court may not consider allegations in the complaint conflicting with the attached exhibits.

The question of whether a collector has failed to present disclosures required under section 1692g of the Federal Act is a question of law for the Court, and a complaint may properly be dismissed on the pleadings based on the Court's review of the letter at issue. *Leonard v. Zwicker & Assocs., P.C.*, 713 Fed. App'x 879, 883-84 (11th Cir. 2017) (affirming dismissal of section 1692g claim). Likewise, a Court can resolve the question of whether the plaintiff alleges facts sufficient to state a claim under section 1692e, including whether the content of an exhibit is deceptive, on the pleadings. *Miljkovic*, 791 F.3d at 1307 (affirming dismissal of claims under section 1692e, with prejudice, for failure to state a claim).

### II. ERC's letters contained the disclosures required by section 1692g of the Federal Act and ERC used actual statutory language to provide the notice to Plaintiffs.

In the first count of the Amended Complaint, Plaintiffs claim ERC failed to apprise them of their rights as required under section 1692g of the Federal Act. But the very language they

4

challenge as violative of the statute is included in the statute itself—in fact in the very provision requiring ERC to make the disclosure on which their claims are based. Under the standards employed in this Circuit, these claims under section 1692g fail, as a matter of law.

Section 1692g(a) of the Federal Act provides in its entirety:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a) (2018).[1]

"To satisfy § 1692g(a), the debt collector's notice must state the required information clearly enough that the recipient is likely to understand it." *Leonard*, 713 Fed. App'x at 882. In the Eleventh Circuit, a purported failure to provide the information required under section 1692g is actionable under section 1692e only if the variance is one that would "tend to mislead the least sophisticated consumer." *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1303 (11th Cir.

---

[1] In the Amended Complaint, Plaintiffs claim that ERC's letters violate subsection b, which prohibits overshadowing the rights disclosed as required under subsection (a). Compl. (DE 1) at ¶ 55, 61. The factual allegations, however, only claim that ERC failed to provide the disclosures under subsection (a). *Id.* at ¶¶ 53-61.

2014). In *Caceres*, the consumer received a letter that misstated the language in section 1692g(a)(3) to state that the creditor, rather than the collector, would assume the debt to be valid if there was no dispute in thirty days. *Id.* at 1301. The consumer sued and the district court dismissed the claim on two bases: (1) the letter was not an initial communication required to comply with section 1692g; and (2) the alleged error was not misleading. *Id.* at 1300. The Eleventh Circuit affirmed, even though it found the letter to be an initial communication, and held the alleged error was not misleading. *Id.* at 1303-05.

The *Caceres* court reasoned the language used would create the same impression for the consumer as would the language provided in the statute itself. *Id.* at 1303. It reasoned further that the same implication would arise from the collector's erroneous statement as from the section 1692g(a)(3) language. *Id.* at 1304. That is, from the perspective of the least sophisticated consumer, the message conveyed through the phrase "assumed valid by the debt collector" and the phrase "assumed valid by the creditor" would be the same. *Id.* To the extent the meaning between the two statements differed, the Court found that the variance would not affect the least sophisticated consumer, who the Court reasoned would not "understand or be aware of" the legal fiction communicated in the statutory statement. *Id.* at 1304 n.5.

Pursuant to established Eleventh Circuit standards, letters comply with section 1692g(a) of the Federal Act when they provide the required disclosures through language that tracks the statute. *Valle v. First Nat. Collection Bureau, Inc.*, 252 F. Supp. 3d 1332, 1336-37 (S.D. Fla. 2017); *Pimental v. Nationwide Credit, Inc.*, No. 17-20226-WILLIAMS/TORRES, 2017 WL 5633310, at *5 (S.D. Fla. Nov. 13, 2017). In *Valle*, the consumer—represented by the same counsel as Plaintiffs here—claimed a letter including "an almost verbatim recitation of the information required by § 1692g(a)(3)-(5)" violated section 1692g of the Federal Act. *Valle* 252

F. Supp. 3d at 1336. In the Amended Complaint, Plaintiff asserted that quoting the statutory language does not adequately inform a debtor of her consumer rights. *Id.*

District Judge Scola granted judgment on the pleadings for the collector on this claim. *Id.* at 1337. After noting the consumer did not specify how use of the statutory language violated section 1692g, and after rejecting her cited cases as inapposite, the court reasoned:

> Courts have found that collection letters that track the language required by § 1692g do not violate the [Federal Act.] *See, e.g.*, *Shorty v. Capital One Bank*, 90 F. Supp.2d 1330, 1332-33 (D.N.M. 2000) (granting the defendant's motion for judgment on the pleadings in part because a debt validation notice "follows the language of § 1692g."); *Aronson v. Comm. Fin. Servs., Inc.*, 1997 WL 1038818, *3 (W.D. Pa. Dec. 22, 1997) (granting summary judgment in favor of the defendant in part because the collection letters "properly track the language required by 15 U.S.C. § 1692g.").

*Id.*

Six months later, District Judge Williams followed suit, dismissing a claim brought by the same attorneys under section 1692g for failure to state a claim, where the claim again challenged validation language tracking the statute. *Pimental*, 2017 WL 5633310, at *5. Judge Williams, citing much of the same case law as Judge Scola, reasoned that "[c]ourts that have considered whether quoting the statutory language sufficiently complies with the [Federal Act] have held that 'the faithful copying of the statute gives the consumer the notice Congress intended the consumer to receive.'" *Id.* (quoting *Nasca v. G.C. Servs. Ltd. P'ship*, No. 01-cv-1012 (DLC), 2002 WL 31040647, at *7 (S.D.N.Y. Sept. 12, 2002)).

The Plaintiffs claim here that ERC's letters violated section 1692g, and consequentially section 1692e. They assert that, if there is no judgment entered against the consumer, then ERC need not take any action in response to a consumer's written request for validation. Alternatively, they assert that ERC can provide unrelated, even satisfied, judgments to meet its verification requirements. Am. Compl. (DE 10) at ¶ 58-60. Plaintiffs' claim fails as a matter of law because

ERC's letter accurately apprises the Plaintiffs of their rights under the Federal Act and does so using the actual language of section 1692g itself.

ERC's letter tracks the statutory language of section 1692g to provide the required disclosures, with minor changes principally to remove the third person perspective. ERC's letter and the statute provide, respectively:

| ERC letter: |
| --- |
| If you notify our office below in writing within the thirty-day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment that may be of record against you. We will mail the verification or copy of the judgment to you. |
| 15 U.S.C. § 1692g(a)(4): |
| if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector |

Am. Compl. (DE 10) at Exh. 1, 2, 3; 15 U.S.C. § 1692g(a)(4) (2018).

The foregoing comparison of the statutory disclosure language and ERC's letter shows that ERC was faithful to the statutory language in presenting the required disclosures. With respect to the judgment language, which the Plaintiffs challenge in their Amended Complaint, ERC changed "a copy of a judgment against [you]" to "a copy of any judgment that may be of record against you." This is not a material departure from the language of the statute itself. These slight variations would not make it less likely that a consumer would dispute the account or request verification of his or her debt within the statutory period.

The Plaintiffs complain that ERC's letter replaced the indefinite article *a* found in the statute with the indefinite adjective *any*. Am. Compl. (DE 10) at ¶ 57-59. Based on this slight alteration from one indefinite to another, the Plaintiffs claim that recipients would be misled to believe that ERC would go and track down unrelated judgments against the consumer, even

8

those that were previously satisfied, rather than simply provide verification of the account upon the consumer's written request. *Id.* at ¶ 58-60. ERC does not view Plaintiffs' purported interpretation of the language as a *plausible* reading by the least sophisticated consumer. In any event, to the extent the Court entertains Plaintiffs' interpretation as plausible, the same interpretation could be applied to the statutory language.

The language of Section 1692g requires the debt collector to inform the consumer that "the debt collector will obtain verification of the debt or a copy of a judgment against the consumer… ." 15 U.S.C. § 1692g(a)(4). Under the statutory language, the collector is still providing the alternative of obtaining "*a* judgment against the consumer," not that the collector would provide *the* judgment against the consumer on which the debt at issue is based. The use of an indefinite article, rather than definite, leaves open the possibility, to an imaginative and legally sophisticated consumer, that a collector need only provide "a judgment"—not the applicable judgment—upon written request. As the Plaintiffs' claimed confusion would be equally caused by the statutory language, the use of the words "any judgment" cannot violate the Federal Act. *See Caceres*, 755 F.3d at 1304 n.5 ("Thus, because the language required by the statute creates the same implication, we cannot conclude that [the collector's] actual language was any more misleading than the precise language required by the statute.").

In fact, several courts have approved collection letters that use "any judgment" rather than "a judgment" in presenting the section 1692g notices. *See e.g.*, *Delfonce v. Eltman Law, PC*, No. 16 Civ. 6627 (AMD)(LB), 2017 WL 639249 at *2-4 (E.D.N.Y. Feb. 16, 2017) *aff'd* [712 Fed. Appx. 17 (2d Cir. 2017); *Silva v. Lustig, Glaser & Wilson P.C.*, No. 15-cv-13673-RGS, 2016 WL 1301055, at *4 (D. Mass. Apr. 1, 2016) (holding that the notice fully complied with section 1692g where it said collector would "obtain verification of the debt or a copy of any

9

judgment and will mail a copy of such verification or judgment to you" and granting judgment on the pleadings for collector); *Brothers v. Saag*, No. 4:13-cv-466-VEH, 2013 WL 4511943, at *7 (N.D. Ala. Aug. 23, 2013) (holding, as a matter of law, statement that collector would "obtain and mail you a verification of the debt or a copy of any judgment" met requirements of section 1692g(a)(4)); *Amina v. WMC Mort. Corp.*, No. 10-00165, 2011 WL 1869835, at *12-13 (D. Haw. May 16, 2011) (holding collector satisfied section 1692g(a)(4) by stating it would "obtain verification of the debt, or a copy of any judgment against you, and a copy of such verification of judgment will be mailed to you").

In *Delfonce*, the letter at issue stated that, upon written request, the collector would "obtain verification of the debt or a copy of any judgment, and we will mail to you a copy of such verification or judgment." 2017 WL 639249, at *1. The consumer sued under section 1692g, without specifying his contention as to the violation. In ruling on the collector's motion to dismiss, the court noted "plaintiff concedes, **as he must** that the defendant's letter contains the notices required by 15 U.S.C. § 1692g." *Id.* at *2 (emphasis supplied). The District Court dismissed the complaint, and the Second Circuit affirmed. *Id.* at *4-6, *aff'd* 712 Fed. Appx. 17 (2d Cir. 2017). *See also Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 361, 65-66 (2d Cir. 2005) (affirming dismissal, with prejudice, of claim under 1692g on letter using "any judgment" language).

To the extent Plaintiffs argue ERC could only have complied with the statute by departing from the actual statutory disclosure if there is no judgment against the consumer, courts have long rejected this argument. *See Moore v. Ingram & Assocs., Inc.*, 805 F. Supp. 7, 9 (D.S.C. 1992); *In re Barr*, 54 B.R. 922 (D. Or. 1985); *Blackwell v. Prof'l Bus Sers. of Ga., Inc.*, 526 F. Supp. 535, 539 (N.D. Ga. 1981)). In each of the *Moore, Barr*, and *Blackwell* cases, the consumers challenged the collector's inclusion of the statutory language referring to both "verification of the debt" and "copy of a judgment" even though the collector knew it was not

collecting a debt which had been reduced to judgment. Each of these courts flatly rejected that argument, finding the collector's use of the statutory language did not violate the Federal Act, even though one of the alternatives listed in the notice was not applicable to the consumer. *Moore*, 805 F. Supp. at 9; *In re Barr*, 54 B.R. at 926; *Blackwell*, 526 F. Supp. at 539. The *Moore* court reasoned:

> Even the least sophisticated consumer understands that the word "or" means that one of two alternatives will be taken. Moore seeks this court to find that "or" is misleading unless both of the alternatives apply to every situation. The court cannot make such a finding.

*Moore*, 805 F. Supp. at 9.

The Seventh Circuit Court of Appeals echoed this reasoning in *Jang*, in which it held that a collection notice tracking the statutory language was not misleading under the Federal Act. *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 484 (7th Cir. 1997). In *Jang*, the collector sent the required disclosures, but when it received a request for verification, it chose to discontinue collection rather than provide verification or a judgment—an option the Federal Act permits. *Id.*; *see* 15 U.S.C. § 1692g(b). The Seventh Circuit reasoned:

> When a debt collector provides the language required by the statute, and only the language required by the statute, we hold that a collection letter cannot be false, misleading or deceptive merely because the collection agency always chooses one statutorily allowed path (ceasing all collection activity) over the other (providing debt verification).

*Id.*

Finally, to the extent the Plaintiffs base their claim on speculation that ERC would have violated the law had they sought verification, this cannot state a claim under the Federal Act. If the Plaintiffs had sought verification, section 1692g(b) would have required ERC to cease collection activity on each account until it provided the account holder with verification of the debt or a copy of the judgment. 15 U.S.C. § 1692g(b). That is, if ERC had skirted its statutory

obligations by providing a judgment unrelated to her account or else continued collection based on there being no relevant judgment, then the Plaintiffs would have a viable claim against ERC under section 1692g(b). But the Plaintiffs cannot assert a theoretical claim based on what ERC *might* have done, *had* they requested verification, especially since they have not alleged any facts to suggest ERC would have taken any such action.

ERC's letter clearly discloses to the consumer the rights stated under section 1692g of the Federal Act. With respect to section 1692g(a)(4), ERC notified the recipient that, upon receipt of a written dispute or request for verification, it would obtain and send to the consumer verification of the account or a copy of a judgment if one is of record against the consumer. The statute and, in turn, the letter do not suggest ERC can ignore the request if there is no judgment against the consumer—just as they do not suggest that ERC can ignore the request if it cannot obtain verification of the account (i.e., if the account cannot be verified). As such, Count I of the Amended Complaint should be dismissed, with prejudice.

    **III.**    **ERC's offer to resolve Plaintiffs' respective accounts at amounts less than what each Plaintiff owed, a fundamental practice in the consumer debt collection industry, was not in any way misleading.**

Count II of the Amended Complaint asserts a claim under section 1692e of the Federal Act. Plaintiffs claim ERC's letters to Ms. Litz and Mr. McKenzie offer a settlement offer to the consumer but fail to detail all of the consequences of accepting such an offer, i.e., potential credit reporting nuances and tax consequences. Am. Compl. (DE 10) at ¶ 63-70.[2] This claim fails because the letters do not purport to advise the consumer about any potential effects of accepting such offer, nor was it required to do so.

---

[2] It appears in paragraph 67 that the Plaintiffs refer to the Porras letter rather than the Litz letter, but the Porras letter does not contain the language of which they complain. *See* Am. Compl. (DE 10-1) at Exh. 1.

Section 1692e of the Federal Act generally prohibits making false and misleading communications concerning an account. 15 U.S.C. § 1692e (2018). Subsection 1692e(10) amplifies this general prohibition and prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10) (2018).

A collector is not required to inform a consumer of all possible ramifications of accepting an offer to pay less than what is owed to resolve an account. *Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191, 194-95 (2d Cir. 2015). In *Altman*, the consumer received a letter stating, in part, "we have been authorized to negotiate GENEROUS SETTLEMENT TERMS on this account . . . 1. Settle your account now for a lump-sum payment of $3,155.43. *That is a savings of 48% on your outstanding account balance.*" *Id.* at 193 (emphasis in original). The consumer sued under section 1692e of the Federal Act, claiming that the stated savings gained by settling the account through the terms offered would be offset by possible tax consequences, and argued the collector should have disclosed this fact. *Id.* at 194.

The Second Circuit affirmed dismissal of the consumer's claim on the pleadings, reasoning that the letter only stated the savings was on the outstanding balance and any potential tax consequences would not affect the savings on the outstanding balance. *Id.* The *Altman* court further found that the consumer's reading of the letter was objectively unreasonable, as a matter of law, and accordingly, could not be the basis for a viable Federal Act suit under the least sophisticated consumer standard. *Id. See also Schaefer v. ARM Receivable Mgmt., Inc.*, No. at *5 (D. Mass. July 19, 2011) ("requiring, as a matter of law, debt collectors to inform a debtor of such a potential collateral consequence of settling a pre-existing debt seems far afield from even

13

the broad mandate of [the Federal Act] to protect debtors from abusive debt collection practices").

A collection letter containing a settlement offer does not imply that acceptance of the settlement offer will have the same effect as paying the account in full. *Valle*, 252 F. Supp. 3d at 1341. In *Valle*, also discussed in Part II above, the consumer claimed a letter providing a "discounted offer" to accept 20% of the balance of an account, wrongfully claimed that paying the settlement would have the same effect as paying the full amount of the account. *Id*. District Judge Scola rejected this claim, finding:

> The letter makes no representation that acceptance of the discounted offer would have the "same net result as paying the full amount of the debt," nor has the [consumer] pointed to any statutory requirement or case law requiring that a debt collector disclose the tax or credit consequences of settling a debt for less than the full amount. The mere fact that the letter describes the offer being extended by the [collector] does not constitute a false representation or a deceptive means of collecting a debt.

*Id.* As a result, Judge Scola granted judgment on the pleadings for the collector on this claim.

ERC's letters to Ms. Litz and Mr. McKenzie plainly state, "We are authorized to resolve your account for less than the full balance by offering discounted options" and then provide three options to pay less than the amount owed in up to three payments. Am. Compl. (DE 10) at Exh. 2, 3. Like the consumer in *Valle*, the Plaintiffs claim ERC mischaracterized the effect of accepting a settlement offer, specifically, that a collection account reported as settled, rather than paid in full, could be a more negative factor on a consumer's credit report or that, depending on the amount of the discount, a consumer may have to pay taxes on the difference. *Id.* at ¶ 68. But like the consumers in *Altman* and *Valle*, the Plaintiffs base their claim on something not included in ERC's letter. There is nothing in ERC's letter that makes *any* representation concerning such collateral consequences of settling the Plaintiffs' pre-existing obligations. Rather, ERC's letter

14

merely presented them with options to pay less than the full amount to resolve their AT&T accounts. The *only* representation concerning settlement was that ERC, on behalf of AT&T, would accept less than the full amount owed to resolve the account. *Id.* at Exh. 2, 3.

To accept the Plaintiffs' claim, that a collector must detail all potential collateral consequences of accepting a settlement offer, ignoring its conflict with case law, would effectively end the practice of making settlement offers to a consumer. If, as the Plaintiffs assert, a collector is required to detail any collateral consequence of accepting (or declining) a settlement offer, the result, by necessity, would be a lengthy and complicated letter more likely to confuse the consumer than inform. *See e.g., Knight v. Midland Credit Mgmt. Inc.*, No. 17-3118, 2019 WL 1516941, at *5-10 (E.D. Pa. Apr. 5, 2019) (holding that an attempt to explain the effect of credit reporting after acceptance of a settlement would confuse the least sophisticated consumer); *Foster v. Allianceone Receivables Mgmt., Inc.*, No. 15-cv-11108, 2016 WL 1719824, at *2 (N.D. Ill. Apr. 28, 2016) (finding claim for confusion stated on letter stating "[p]lease be advised that any settlement which waives $600.00 or more in principal of a debt may be reported to the Internal Revenue Service by our client."); *Landes v. Cavalry Portfolio Servs., LLC*, 774 F. Supp. 2d 800, 806 (E.D. Va. 2011) ("tasking Cavalry with interpreting the complex provisions of the federal tax code and then applying its interpretations to the varying circumstances of individual consumers like Landes *would* constitute the unauthorized — and potentially criminal — practice of law.").

This cannot be the result compelled by the Federal Act. *See Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769, 775 (7th Cir. 2007) ("There is nothing improper about making a settlement offer."); *Lewis v. ACB Bus. Servs., Inc.*, 1355 F.3d 389, 399 (6th Cir. 1998) ("simply

offering to discount a debt to encourage a consumer to pay promptly is in no way a deceptive . . . debt collection practice.").

The Plaintiffs' claim that ERC misrepresented the effect of acceptance of the settlement offered on the subject accounts is simply not based on the actual language in ERC's letter. ERC made no representation, whatsoever, concerning the effect of the settlement offered, nor was it required to do so. The letters attached as exhibits to the Amended Complaint merely state that ERC is offering a discounted option to resolve the accounts, just as in *Valle*. And, as in *Valle*, this claim fails and should be dismissed with prejudice.

### IV. Plaintiffs' claims for violation of the Florida Act fail because the underlying claims for violation of the Federal Act fail and, further, because the legal theory is unsound.

Finally, in Count III of the Amended Complaint, Plaintiffs allege a claim under the Florida Act. Plaintiffs argue that ERC violated the Florida Act by asserting the existence of a legal right that ERC knew not to exist. Am. Compl. (DE 10) at ¶ 71-75. Plaintiffs do not introduce any new facts to support this claim but merely claim that, if ERC violated section 1692g of the Federal Act, then it was not permitted to collect on the accounts. As discussed in Parts II and III above, the premise of this argument fails, as ERC's letters did not violate the Federal Act. Additionally, this claim fails because, even if ERC had violated the Federal Act, which it did not, this standing alone would not violate the Florida Act.

The Florida Act, like the Federal Act, prohibits collectors from certain acts in collecting on consumer accounts. *See* § 559.72, FLA. STAT. (2018). Section 559.72(9), Florida Statutes, on which the Plaintiffs base their claim, provides:

> In collecting consumer debts, no person shall:
> ***

> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

§ 559.72(9), Fla. Stat. (2018). The Plaintiffs do not claim ERC violated the first clause of the foregoing subsection. Instead, they claim that, by sending them a letter that did not present the full disclosure required under section 1692g, ERC's authority to collect their accounts was *retroactively* rescinded. Compl. (DE 10) at ¶ 73. This argument is faulty for at least three reasons.

First, as discussed in Part II above, ERC's letters *did* comply with the requirements of 1692g. The letters plainly disclosed the statutory information, using the actual language of the statute to do so. Thus, they complied with section 1692g. But even if they did not so comply, the Florida Act does not impose strict liability on this claim. Rather, subsection 9 only prohibits the assertion of rights **known** not to exist. § 559.72(9), Fla. Stat. *See also Pollock v. Bay Area Credit Serv., LLC*, No. 08-61101-Civ, 2009 WL 2475167, at *9 (S.D. Fla. Aug. 13, 2009) ("it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist"). Accordingly, not only would the letter have to be defective under section 1692g, which it was not, but ERC also would have to have known that fact, and have known that such defect would vitiate its authority to collect the account, which it could not have known.

Second, section 1692g gives collectors five days from the initial communication to provide its disclosures. *See also* 15 U.S.C. § 1692g(a); Am. Compl. (DE 10) at ¶¶ 54. As ERC's letters are alleged to be the initial communication, Am. Compl. (DE 10) at ¶¶ 18-28, the violation of section 1692g would not have occurred until after five days elapsed from the date the subject letters were sent. Accordingly, even if the Plaintiffs' legal theory was correct, ERC

would not have been stripped of its authority at the time it sent the subject letters, but after the five days had elapsed.

Finally, the legal theory is not sound: courts consistently reject the argument that a violation of the Federal Act, standing alone, violates section 559.72(9). *See e.g.*, *Mesa v. Pa. Higher Educ. Assistance*, No. 16-24566-Civ-WILLIAMS/TORRES, 2017 WL 8812736, at *10 (S.D. Fla. Dec. 13, 2017), *R & R adopted* Dkt. 217 (Mar. 13, 2018) (slip. op.); *Read v. MFP, Inc.*, 88 So. 3d 1151, 1155 (Fla. 2d DCA 2012); *Beeders v. Gulf Coast Collection Bureau, Inc.*, No 8:09-cv-458-EAK-AEP, 2010 WL 2696404, at *6 (M.D. Fla. July 6, 2010). The *Mesa* court dismissed claims against a defendant under subsection 9 of the Florida Act because the consumer did not allege the debt pursued was illegitimate or that the defendant acted in pursuit of a non-existent legal right. *Mesa*, 2017 WL 8812736, at *10. Judge Torres continued,

> And if [the plaintiff's] argument is somehow premised on the assertion that [the collector] failed to comply with the provisions of the [Federal Act], courts have found that argument to be unpersuasive because if that [were] true then "any and all violations of any provision of the [Federal Act] would constitute a violation of section 559.72(9) as a matter of law, which is clearly not the case."

*Id.*

Likewise, District Judge Williams rejected this same theory when the Plaintiffs' counsel presented it in *Pimental*. *Pimental*, 2017 WL 5633310, at *5. Judge Williams reasoned that the consumer:

> provides no authority to support her proposition that violations of the [Federal Act] negate the right to collect a debt and nothing in the [Federal Act], or the [Florida Act], negates the right to collect a debt because of a violation of the statute.

*Id.*

Like the consumers in *Mesa, Read,* and *Pimental*, the Plaintiffs have not alleged that ERC asserted the existence of any right to them. All it did was seek to collect on their AT&T

accounts. Further, as those courts found, even if ERC had violated some other provision of the Florida or Federal Acts, it would not follow that it knowingly asserted the existence of a right it knew not to exist in seeking to collect. Accordingly, even if the Plaintiffs had stated a claim in Count I under the Federal Act, which they did not, Count III of the Amended Complaint would still be due to be dismissed.

V.     Conclusion

ERC sent each of the Plaintiffs a letter in which it properly used statutory language from the Federal Act to provide required consumer disclosures, and offered Plaintiffs an opportunity to pay less than the full amount owed on their accounts. Rather than take advantage of this savings opportunity, the Plaintiffs filed a class action lawsuit against ERC asserting three claims that have all been rejected by courts sitting in this District when argued by the same counsel representing the Plaintiffs here. These claims are not meritorious and run contrary to the very policies of the Federal and Florida Acts. Accordingly, the Amended Complaint should be dismissed, with prejudice.

**SMITH, GAMBRELL & RUSSELL, LLP**

*/s/ Scott Gallagher*
Scott S. Gallagher
Florida Bar No. 0371970
Email: ssgallagher@sgrlaw.com
Richard D. Rivera
Florida Bar No. 108251
Email: rrivera@sgrlaw.com
Nicole Kalkines
Florida Bar No. 1003293
Email: nkalkines@sgrlaw.com
50 North Laura St, Suite 2600
Jacksonville, FL 32202
(904) 598-6111
(904) 598-6211 fax

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 5th Street, Suite 1744
Fort Lauderdale, FL 33301
Email: jibrael@jibraellaw.com
Email: tom@jibraellaw.com

*Attorneys for Plaintiffs*

                                                      */s/ Scott Gallagher*
                                                           Attorney