UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-CV-61898-RKA

DEENA PORRAS, KENNETH MCKENZIE,
and DEBORAH LITZ, individually and on
behalf of all those similarly situated,

    Plaintiffs,

v.

ENHANCED RECOVERY COMPANY,
LLC, d/b/a ERC,

    Defendant.
_____/

**RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Plaintiffs DEENA PORRAS ("Plaintiff Porras"), KENNETH MCKENZIE ("Plaintiff McKenzie"), and DEBORAH LITZ ("Plaintiff Litz") (collectively, the "Plaintiffs") submit this Response in Opposition to Defendant ENHANCED RECOVERY COMPANY, LLC's ("Defendant" or "ERC") Motion to Dismiss [D.E. 14].

**INTRODUCTION & BACKGROUND**

1.    On July 28, 2019, Plaintiff Porras sued Defendant, claiming Defendant violated the Fair Debt Collection Practices Act ("FDCPA") by and through a collection letter, *see* D.E. 1-3, Defendant sent to Plaintiff Porras in an attempt to collect a debt. *See* D.E. 1.

2.    On September 04, 2019, Plaintiff Porras, along with then-joining Plaintiff McKenzie and Plaintiff Litz, filed the First Amended Complaint ("FAC") [D.E. 10], as Defendant had sent each Plaintiff Porras, Plaintiff McKenzie, and Plaintiff Litz, a collection letter that violated multiple provisions the FDCPA. Plaintiffs attached their respective collection letter

PAGE | **1** of **12**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(collectively, the "Collection Letters") to the FAC as an exhibit. *See* D.E. 10-1 (the "Porras CL"); D.E. 10-2 (the "McKenzie CL"); and D.E. 10-3 (the "Litz CL").

3. The FAC advances two[1] separate claims:

(a) *Count I* – Plaintiffs claim Defendant violated § 1692g(a), § 1692g(b), and § 1692e of the FDCPA by failing to adequately inform the least sophisticated consumer of the rights he or she enjoys under § 1692g(a)(4). D.E. 10 at 8, ¶ 56;

(b) *Count II* – Plaintiff McKenzie and Plaintiff Litz claim Defendant violated § 1692e and § 1692e(10) of the FDCPA because the McKenzie CL and the Litz CL "falsely state[], or at minimum, wrongfully misrepresents, the creditor's willingness to settle the underlying debts for less than the full amount as having the same result as paying the full amount of the underlying debt." D.E. at 67.

4. On September 18, 2019, in response to the FAC, Defendant filed the Motion to Dismiss [D.E. 14] (the "Motion" or "Defendant's Motion") now before this Court. In the Motion, Defendant presents two arguments:

(a) In response to *Count I*, Defendant claims its (Defendant's) collection letters "contained the disclosures required by section 1692g of the [FDCPA] and [Defendant] used actual statutory language to provide notice to Plaintiffs." *See* D.E. 14 at 4.

(b) In response to *Count II*, Defendant claims its (Defendant's) "offer to resolve Plaintiffs' respective accounts at amounts less than what each Plaintiff owed, a fundamental practice in the consumer debt collection industry, was not in any way misleading." *See* D.E. 14 at 12.

5. In short, Defendant's Motion misrepresents the legal landscape with respect to the least sophisticated consumer standard and the allegations of the FAC. As discussed below, Plaintiffs have unequivocally plead a *prima facie* case for the alleged violations of the FDCPA.

---

[1] *Count III* of the FAC, Plaintiffs claimed Defendant, by and through the Collection Letters, also violated the Florida Consumer Collection Practices Act, namely, Fla. Stat. § 559.72(9); however, Plaintiffs voluntarily withdraw this claim, and in a separate filing, shall dismiss it (*Count III* of the FAC), *see* D.E. 10 at 13, ¶¶ 71-75, *with* **prejudice**.

Whether the Collection Letters violate the FDCPA is a question for the jury viewing the matter through the lens of the least sophisticated consumer.

## ARGUMENT

6. A complaint should not be dismissed under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

7. Under Rule (8)(a)(2) of the Federal Rules of Civil Procedure, the Complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The court in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) did much to clarify the standard of review applicable to motions under Rule 12(b)(6), and in doing so, did not radically alter federal pleading standards under Rule 8. Under Twombly, a complaint will not be dismissed under Rule 12(b)(6) if two minimum hurdles are cleared: (1) the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a level of speculation. Twombly, 550 U.S. at 544-55.

8. Accordingly, such is consistent with the requirements of Rule 8(a)(2), which requires that a complaint "provide a 'short and plain statement of the claim showing that the pleader is entitled to relief.' This is not an onerous burden. 'Specific facts are not necessary; the statement need only give the defendant(s) fair notice of what . . . the claim is and the grounds upon which it rests.'" Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1122 (9th Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89 (2007); *see also* Coupons, Inc. v. Stottlemire, 588 F.

Supp. 2d. 1069, 1073 (N.D. Cal. 2008) (citing Twombly, 550 U.S. 544) ("'heightened fact pleading of specifics' is not required to survive a motion to dismiss."). Moreover, "[t]he defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3rd Cir. 2005).

9. With respect to the pleading requirements for claims arising under the FDCPA, "[t]o state a claim under the FDCPA, a plaintiff must plead: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" Bohringer v. Bayview Loan Servicing, LLC, 141 F. Supp. 3d 1229, 1235 (S.D. Fla. 2015) (*quoting* Bentley v. Bank of Am., N.A., 773 F.Supp.2d 1367, 1371 (S.D. Fla. 2011)). Here, Defendant's Motion focuses solely on the third element, in that, Defendant claims that it (Defendant) *has not engaged in an act or omission prohibited by the FDCPA*. As discussed below, whether Defendant engaged in conduct prohibited by the FDCPA, or more accurately, whether the Collection Letters violate the FDCPA requires the invocation of the least sophisticated consumer and is otherwise a question of fact for the jury.

## THE LEAST SOPHISTICATED CONSUMER STANDARD

10. The Eleventh Circuit has adopted the "least sophisticated consumer" standard in reviewing alleged violations of the FDCPA. *See* Beeders v. Gulf Coast Collection Bureau, 796 F.Supp.2d 1335, 1338; Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985). The purpose of the least sophisticated consumer standard is to ensure the protection of the gullible as well as the shrewd. *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. Fla. 2010). As the Eleventh Circuit explained in LeBlanc:

> That [FDCPA] was not "made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

> unthinking, and the credulous ..." and [t]he fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced. There is no duty resting upon a citizen to suspect the honesty of those with whom he transacts business. Laws are made to protect the trusting as well as the suspicious.

601 F.3d 1185 at 1194 (*citing* Jeter, 760 F.2d 1168 at 1172-7). Simply put, "whether a representation made in a collection letter would be deceptive or misleading to the least-sophisticated consumer, or a collection practice would be unfair or unconscionable when applied to the least-sophisticated consumer, generally is a question of fact to be decided by a jury." Holzman v. Malcolm S. Gerald & Assocs., Inc., 920 F.3d 1264, 1269 (11th Cir. 2019) (*citing* LeBlanc, 601 F.3d 1185 at 1194.

**WITH RESPECT TO *COUNT I* – THE COLLECTION LETTERS FAIL TO ADEQUATELY INFORM THE LEAST SOPHISTICATED CONSUMER OF THE RIGHTS HE OR SHE ENJOYS UNDER § 1692g(a) AND WRONGFULLY MISLEADS THE LEAST SOPHISTICATED CONSUMER WITH RESPECT TO THE RIGHTS HE OR SHE ENJOYS UNDER § 1692g(a)**

11.     "To satisfy § 1692g(a), the debt collector's notice must state the required information clearly enough that the recipient is likely to understand it." Leonard v. Zwicker & Assocs., P.C., 713 F. App'x 879, 882 (11th Cir. 2017) (*quoting* Janetos v. Fulton Friedman & Gullace, LLP, 825 F.3d 317, 321 (7th Cir. 2016)); Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer—Congress intended that such notice be clearly conveyed."). Further, "[a] debt collector's failure to provide the information required by § 1692g is actionable as a violation of § 1692e 'if the variance is one that would tend to mislead the least sophisticated consumer.'" Leonard, 713 F. App'x 879 at 884 (*quoting* Caceres v. McCalla Raymer, LLC, 755 F.3d 1299, 1304 (11th Cir. 2014)).

12. In the Motion, Defendant argues the underlying collection letter(s) "clearly disclose[] to the consumer the rights stated under section 1692g of the [FDCPA]," claiming that "[Defendant] notified the recipient that, upon receipt of a written dispute or request for verification, it would obtain and send to the consumer verification of the account or a copy of a judgment if one is of record against the consumer." D.E. 14 at 12. Yet, no such language exists in any of the Collection Letters. For Defendant to claim that any of the Collection Letters notifies the least sophisticated consumer that "*upon receipt of a written dispute or request for verification, it would obtain and send to the consumer verification of the account or a copy of a judgment if one is of record against the consumer*" is plainly disingenuous.

13. Here, the Collection Letters' failure is subtle, but undeniable. As stated in the FAC, "in an attempt to comply with § 1692g(a)(4) of the FDCPA, each of the collection letters state: '*[i]f you notify our office below in writing within the thirty-day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment that may be of record against you.*'" D.E. 10 at ¶ 57 (*citing* D.E. 10-1; D.E. 10-2; & D.E. 10-3.

14. Whether debt collectors are able to lawfully omit or modify the explicit disclosures of § 1692g(a) has been addressed by the Eleventh Circuit in Bishop v. Ross Earle & Bonan, P.A., 817 F.3d 1268, 1268 (11th Cir. 2016) ("We must read the FDCPA in a way that gives full effect to each of the protections at stake."). In Bishop, the court stated, in relevant part:

> We reject the notion that § 1692g gives debt collectors discretion to omit the "in writing" requirement or cure improper notice by claiming waiver. The statute is clear. The debt collector "shall" notify the consumer of her right to dispute the debt in writing. 15 U.S.C. § 1692g(a). Likewise, the consumer has a right to verification only if she disputes the debt in writing. Id. § 1692g(b); *see also* Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 286 (2d Cir.2013) ("[C]onsumers [must] take the extra step of putting a dispute in writing before claiming the more burdensome set of rights defined in § 1692g(a)(4), (a)(5) and (b).");

> Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 146 (3d Cir.2013) ("[A] dispute of a debt must be in writing in order to be effective...."); Camacho v. Bridgeport Fin. Inc., 430 F.3d 1078, 1081 (9th Cir.2005) (explaining that a consumer can trigger the right to verification "only through written dispute"). Nothing in the statute suggests that debt collectors have discretion to relax these requirements.

817 F.3d 1268 at 1274.

15. To read § 1692g(a) as allowing debt collectors to freely modify the explicitly required statements and/or information is completely contrary to the Eleventh Circuit's findings in Bishop. *See, e.g.,* 817 F.3d 1268 at 127 (wherein the defendant argued "that notice of the 'in writing' requirement is unnecessary because the attorney is capable of researching that requirement and explaining it to the consumer," however, the court was not persuaded, stating "[w]hatever the merits of this argument as a policy matter, it fails because there is no textual basis for treating the 'in writing' requirement differently from the other rights contained in § 1692g.").

16. Section 1692g(a) makes explicitly clear, Defendant shall provide the least sophisticated consumer with written notice containing a statement that, upon the consumer's written request, "the debt collector will obtain verification of the debt or **a copy of a judgment** against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(4) (emphasis added). Instead, however, the Collection Letters sent by Defendant state that, upon the consumer written request, "[Defendant] will obtain verification of the debt or **a copy of any judgment** that may be of record against you." *See, e.g.,* D.E. 10-1 (emphasis added). There is a stark difference between the word "a" and "any," especially in the context used in the Collection Letters.

17. Make no mistake, the difference between "*a copy of any judgment that may be of record against you*" and "*a copy of a judgment against you*" is not lost on the least sophisticated

consumer. LeBlanc, 601 F.3d 1185 at 1193 (the least sophisticated consumer "possess[es] a rudimentary amount of information about the world and a willingness to read a collection notice with some care."). As stated in the FAC, Defendant's subtle distortion of the compulsory disclosures of § 1692g(a)(4) wrongfully causes, among other things, "the least sophisticated consumer to believe [] that if he or she disputes the underlying debt in writing with Defendant, that Defendant's only obligation is to provide the consumer with a copy of any judgment, even if the underlying debt has not been reduced to a judgment." D.E. 10 at 9, ¶ 59.[2] Such is an unlawful overshadowing the least sophisticated consumer rights in violation of § 1692g(b) and otherwise a misleading representation in violation of § 1692e.

18.   Naturally, Defendant disagrees with Plaintiffs assessment of the Collection Letters, arguing "[Defendant] does not view Plaintiffs' purported interpretation of the language as a

---

[2] In the FAC, Plaintiffs further elaborate as to the failings of Defendant's decision to whimsically replace "a judgment" with "any judgment," stating:

> Defendant's manipulation and modification of the statutory language … causes the least sophisticated consumer to believe, for example, that if the consumer has any other judgments against him or her, regardless of whether that judgment was satisfied, is entirely unrelated to the underlying debt, or even barred by statute of limitations, and the consumer chooses to dispute the underlying debt pursuant to § 1692g(a)(4), Defendant will simply mail a copy of "any" such judgment to the consumer without providing any verification of the underlying debt to the least sophisticated consumer. Moreover, Defendant's statement that it will simply provide a copy of "any" judgment may cause the least sophisticated consumer to believe that, if the consumer requests validation of the underlying debt pursuant to § 1692g(a)(4), and Defendant is unable to provide verification of said debt, Defendant will simply mail a copy of some other judgment to the consumer and collect that debt instead since Defendant need provide any verification of a debt reduced to judgment.

D.E. 10 at 9-10, ¶ 60.

*plausible* reading by the least sophisticated consumer." D.E. 14 at 9. Defendant's expected disagreement, however, is of little value, these circumstances have already been addressed by the courts. *See* LeBlanc, 601 F.3d 1185 at 1197 ("In Jeter, we explained that where the parties reasonably disagree on the proper inferences that can be drawn from the debt collector's letter, resolution is for the trier of fact—not for the court on summary judgment. For these reasons, this issue is one best submitted to the finder of fact." (citation omitted)); Newman v. Ormond, 456 Fed.Appx. 866, 868 (11th Cir. 2012) ("where the parties agree on the basic facts of the case, but reasonably disagree upon the proper inferences to be drawn from the debt collector's actions, there exists a genuine issue of material fact that should be determined by the trier of fact and not by the court in a summary judgment context."); Michael v. HOVG, LLC, 232 F. Supp. 3d 1229, 1237 (S.D. Fla. 2017) ("'A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" (*quoting* Melillo v. Shendell & Assocs., P.A., 2012 WL 253205, at *5 (S.D. Fla. Jan. 26, 2012) (*quoting* Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1062 (9th Cir. 2011))).

19. It is well established that "[t]he FDCPA exists to protect consumers against debt collection abuses. Consumer-protection laws are not made for the protection of experts, but for the public – that vast multitude which includes the ignorant, the unthinking, and the credulous. The least sophisticated consumer standard advances this purpose, and [the Eleventh Circuit Court of Appeals] will not abandon it lightly." Bishop, 817 F.3d 1268 at 1276 (citations and quotations omitted). As such, Defendant's distortion of the compulsory information and/or disclosure of § 1692g(a)(4) creates a myriad of issues which only the jury, viewing the matter through the lens of the least sophisticated consumer, is to decide.

PAGE | **9** of **12**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## WITH RESPECT TO *COUNT II* – PORTRAYING A SETTLEMENT OFFER AS A *DISCOUNT* IS A FALSE REPRESENTATION, OR AT MINIMUM, UNLAWFULLY MISLEADING, TO THE LEAST SOPHISTICATED CONSUMER.

20. Defendant portrays *Count II* of the FAC as seeking to impose liability on Defendant for merely "fail[ing] to detail all of the consequences of accepting" a settlement offer. D.E. 14 at 12 ("This claim fails because the letters do not purport to advise the consumer about any potential effects of accepting such offer, nor was it required to do so."). Defendant, however, distorts Plaintiffs' claim. The issues with the McKenzie CL and Litz CL, within the context of *Count II*, begin with Defendant's deceptive use of "discounted options." As stated in the FAC:

> Phrasing settlement as a discount is a false representation, or at minimum, misleading, to the least sophisticated consumer. For example, the least sophisticated consumer will falsely believe, or at minimum, be wrongfully mislead into believing, he or she is being offered a discount of the amount owed (*i.e.*, that underlying debt is being discounted rather than settled). This is simply false. Here, Defendant is not 'offering discounted options' because what is being offered is not a discount. Defendant is offering settlement options. This is an important distinction. For example, settling a debt for less than the full amount is notated differently on a consumer's credit report differently than debts that are paid in full, whereby the former is more harmful to a debtor's credit than the latter. Further, when a consumer settles a debt for less than the full amount, the consumer is subject to certain tax consequences, in that, depending how much less the underlying debt is settled for, the consumer will be taxed on the difference between the full amount and the settlement amount. Simply put, phrasing settlement options as discount options is, plainly, a falsely representation, or a minimum, an unlawfully misleading representation of what is being offered to the least sophisticated consumer. Telling the least sophisticated consumer that he or she is being offered "discount options" will, for example, cause the consumer to erroneously believe no repercussions exist for accepting any of the "discount options." Further, even if the collection letters had stated that it was offering an opportunity to settle or that it was offering settlement options, the least sophisticated consumer would still be unlawfully mislead, as the collection letters, nevertheless, deceptively omit the fact that there are consequences, such as those mentioned above, if the consumer chooses to settle a debt for less than the full amount.

PAGE | **10** of **12**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

D.E. 10 at 11-12, ¶ 68. *See, e.g.,* LeBlanc, 601 F.3d 1185, 1195 (11th Cir. 2010) (analyzing the content of the applicable collection letter, ***as a whole***, and in so doing, proffering hypothetically unlawful interpretations a reasonable juror applying the least sophisticated consumer may reach).

21. Defendant argues that "a [debt] collector is not required to inform a consumer of all possible ramifications of an offer to pay less than what is owed to resolve an account," D.E. 14 at 13. Yet, "a right to seek repayment does not confer a right to mislead." Holzman, 920 F.3d 1264 at 1271. Defendant is free to offer *true* discounts, *i.e.*, an actual reduction of the underlying debt (rather than agreeing to *settle* a debt for less than the full amount), as well as present the least sophisticated consumer with settlement offers, but an opportunity to *settle* a debt for less than the full amount is *not* tantamount to a *discount*, and by phrasing settlement offers as "discounted options" is false, or at minimum, misleading to the least sophisticated consumer. LeBlanc, 601 F.3d at 1194 ("[T]he fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced.").

## CONCLUSION

22. The deceptive, misleading, and otherwise false nature of the language utilized by Defendant in the Collection Letters, as exemplified by *Count I* and *Count II* of the FAC, is evident and palatable. Nevertheless, whether the Collection Letters, as alleged in the FAC, violate the FDCPA is a question of fact beyond the scope of Defendant's Motion to Dismiss, as such a determination requires the jury to consider, among other things, the complained of language through the lens of the least sophisticated consumer. Holzman, 920 F.3d 1264 at 1269 ("whether a representation made in a collection letter would be deceptive or misleading to the least-sophisticated consumer, or a collection practice would be unfair or unconscionable when applied

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to the least-sophisticated consumer, generally is a question of fact to be decided by a jury."); *see also* LeBlanc, 601 F.3d 1185 at 1197 ("where the parties reasonably disagree on the proper inferences that can be drawn from the debt collector's letter, resolution is for the trier of fact—not for the court on summary judgment, [let alone on a motion to dismiss]. For these reasons, this issue is one best submitted to the finder of fact." (citation omitted)).

WHEREFORE, for the reasons noted above, Plaintiff, respectfully, asks this Court to *deny* Defendant's Motion to Dismiss [D.E. 14], and provide any further relief this Court deems proper.

DATED: October 12, 2019

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 12, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

 /s/ Thomas J. Patti                       .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377