UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

DEENA PORRAS, KENNETH
MCKENZIE, and DEBORAH LITZ,
Individually and on behalf of all those
similarly situated,

        Plaintiffs,

                               CASE NO: 0:19-CV-61898-RKA

v.

ENHANCED RECOVERY COMPANY,
LLC, d/b/a ERC,

        Defendant.
_____/

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS**
**MOTION TO DISMISS AMENDED COMPLAINT**

I.      Introduction

In their Opposition, the Plaintiffs opted not to support their substantive claims with any authority plausibly suggesting ERC's letters violate sections 1692e or 1692g of the Fair Debt Collection Practices Act (the "Federal Act"). Instead, Plaintiffs rely on generic quotes from Eleventh Circuit case law to suggest, wrongly, that *any* allegation by a consumer that a communication violates the Federal Act, regardless of how unreasonable the allegation is, and regardless of how true or clear the actual communication is, must go to a jury.

The Eleventh Circuit does not so hold. Rather, it has repeatedly affirmed decisions in which courts uphold their duty to ensure plaintiffs cannot present unreasonable claims to a jury. Such claims are properly dismissed, as a matter of law, by motion under Rule 12(b)(6), as ERC requests here. The only way a jury could find in favor of Plaintiffs on Count I is through improper speculation that ERC would have *separately* violated the law, i.e., by sending the Plaintiff a random, unrelated judgment in response to a request for validation under §1692g of the Federal Act, a violation not alleged by Plaintiffs. Likewise, the only way a jury could find in favor of Plaintiffs on Count II would be for the jury to accept the false notion that ERC's letter contains statements it does not actually contain concerning the effect of paying less than the full amount of the debt. Neither alternative would be proper which is why Plaintiffs' claims should be dismissed.

II.     **Just as in any other case, this Court may determine, as a matter of law, that Plaintiffs have not plausibly alleged a violation of the Federal Act.**

ERC agrees that Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim, which must both give fair notice of the claim and plausibly suggest the plaintiff has a right to relief. Opp. (DE 20) at 3 (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007)). But Plaintiffs falsely claim the Eleventh Circuit prohibits courts from applying these standards to claims under the Federal Act to dismiss implausible claims. While case law in the Eleventh Circuit observes that such claims often present questions of fact, the Eleventh Circuit still *routinely* finds no claim stated, as a matter of law, under the Federal Act.

Whether a collector's letter complies with section 1692g(a) of the Federal Act is a legal question. *Leonard v. Zwicker & Assocs., P.C.*, 713 Fed. App'x 879, 882 (11th Cir. 2017) (*citing Miljkovic v. Sharfitz and Dinkin, P.A.*, 791 F.3d 1291, 1307 n.11 (11th Cir. 2015)). The Eleventh Circuit applies the least sophisticated consumer standard to claims under section 1692e, including whether "the absence of one or more of the statutory requirements for the validation notice" would

violate the section. *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1303 (11th Cir. 2014); *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1195 (11th Cir. 2010). The court has made clear that this standard protects the naïve, but not an unreasonable, consumer:

> The "least sophisticated consumer" can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care. However, the test has an objective component in that while protecting naïve consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.

*LeBlanc*, 601 F.3d at 1194.

In *LeBlanc*, the court found a jury question presented on a claim under section 1692e(5), threatening to take an illegal action. *Id.* at 1195. It found the letter made an *if-then* statement about how the collector would act if the consumer did not timely pay. The court held that whether this constituted a threat to sue, an action state law prohibited, was a jury issue. *Id.* at 1196-97.

The Eleventh Circuit observes that the interpretation of the least-sophisticated consumer "**generally** is a question of fact to be decided by the jury." *Holzman v. Malcolm S. Gerald & Assocs., Inc.*, 920 F.3d 1269 (11th Cir. 2019) (*citing LeBlanc*, 601 F.3d at 1195, 1201) (emphasis supplied). That is, courts may still find claims implausible as a matter of law. In fact, the *Holzman* court affirmed dismissal of a claim arising under section 1692f of the Federal Act, finding the challenged practice was not unconscionable, as a matter of law. *Id*. at 1273-74.

The *Holzman* court also made clear that its decision to reverse dismissal of a claim under section 1692e was based on its finding that the communication at issue **could plausibly** mislead a consumer due to a **reasonable** inference the collector was threatening to sue the consumer on a time-barred debt. *Id.* at 1271-73 ("an express threat of litigation is not required to state a claim for relief under § 1692e so long as one can reasonably infer an implicit threat"). It rejected the argument the letter would not mislead a consumer, finding "the question is whether it is *plausible* that a reasonable jury could find that this representation would so mislead an unsophisticated consumer." *Id.* at 1272 (emphasis in original). Citing *LeBlanc*, the court further recognized dismissal is appropriate "if there is no basis for a reasonable jury to conclude that a consumer would be deceived or misled." *Id.*

Applying the plausibility standard, the Eleventh Circuit has repeatedly affirmed dismissal of claims under the Act concerning communications. For example, in *Caceres*, it affirmed

3

dismissal of claims a collector violated sections 1692g and 1692e in modifying the disclosure language. *Caceres*, 755 F.3d at 1303-05. The Eleventh Circuit affirmed dismissal, holding the letter sufficiently conveyed the information required by the Act, finding the modified language would not cause consumers an understanding different than the statutory language. *Id.* at 1304-05.

Similarly in *Miljkovic*, the Eleventh Circuit found the subject communications did not violate the least-sophisticated consumer standard. 791 F.3d at 1304. The court acknowledged the standard often presents fact issues, but concluded "whether [the plaintiff] alleged facts sufficient to state a claim under § 1692e(10) is a legal question for the court." *Id.* at 1307 n.11.

Recognizing a plaintiff is not entitled to present claims to a jury by merely alleging that a communication is deceptive, or that the collector failed to provide adequate disclosures, the courts sitting in this District regularly reject claims under the Federal Act, finding no reasonable jury could return a verdict for the plaintiff on the claims presented. *See, e.g.*, *Valle v. First Nat. Collection Bureau, Inc.*, 252 F. Supp. 3d 1332, 1336-37 (S.D. Fla. 2017); *Pimental v. Nationwide Credit, Inc.*, No. 17-20226-WILLIAMS/TORRES, 2017 WL 5633310, at *5 (S.D. Fla. Nov. 13, 2017). Plaintiffs' claims here are just such claims that this Court should dismiss.

**III.    Neither *Bishop* nor any other Eleventh Circuit case law has adopted the hyper-technical reading of section 1692g Plaintiffs advance in their Opposition.**

To support their first count, Plaintiffs boldly claim the Eleventh Circuit has held that collectors cannot depart from the exact statutory language in section 1692g. *See* Opp. (DE 20) at 6 (*citing Bishop v. Ross Earle & Bonan, PA.*, 817 F.3d 1268, 1268 (11th Cir. 2016)). *Bishop*, however, does not so hold and later opinions clarify that the Eleventh Circuit rejects such a "hyper-technical construction of [section 1692g.]" *Leonard*, 713 Fed. Appx. at 884.

In *Bishop*, the collector sent a letter containing the disclosures required under section 1692g, but omitted "in writing" from the section 1692g(a)(4) disclosure. *Bishop*, 817 F.3d at 1269-70. The Eleventh Circuit held the consumer stated a claim under section 1692g because the collector failed to meet its requirements, reasoning, "the statute is clear[,] [t]he debt collector 'shall' notify the consumer of her right to dispute the debt in writing. Likewise, the consumer has a right to verification only if she disputes the debt in writing." *Id.* at 1274. The court found the letter could be the basis of claims under sections 1692e and 1692g of the Act, but it cautioned, "[w]e emphasize the fact-specific nature of this holding. The 'initial communication' alleged in

4

this case states a claim under § 1692e because it misstates the law, omits a material term required by § 1692g(a), and misrepresents consumer rights under the [Act]." *Id.* at 1277.

In *Leonard*, decided one year after *Bishop*, the Eleventh Circuit clarified section 1692g does not require hyper-technical compliance. The court found a collector complies with the section where a naïve consumer reading the notice still understands the information to be disclosed under section 1692g. *Leonard*, 713 Fed. Appx. at 882 (*citing Bourff v. Rubin Lubin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012)). The court affirmed dismissal of claims under both sections 1692g and 1692e based on the collector providing a colloquial name, American Express, rather than the legal name for the creditor of the account, American Express Receivables Financing Corporation III, LLC. *Id.* at 884. Finding that compliance with section 1692g presents a legal question for the court, it reasoned "[a]llowing [the consumer's] § 1692g claim to go forward in these circumstances would be to adopt the hyper-technical construction of the statute that we rejected above." *Id.*

In fact, the Eleventh Circuit has affirmed dismissal of claims based on modifications of the disclosure language from section 1692g(a)(4)—the same provision at issue here. *See Caceres,* 755 F.3d at 1303-05; *Conde v. Webcollex, LLC*, 752 Fed. Appx. 935, 937 (11th Cir. 2018). In *Caceres*, the collector stated that if the consumer did not dispute the debt within thirty days, the **creditor** would assume the debt valid, rather than the **debt collector** making the assumption, as stated in the statute. 755 F.3d at 1303-05. The court found that since the same implication would arise from the collector's erroneous statement in the letter as from the language of section 1692g(a)(3), the letter did not violate the Act. *Id.* at 1304.

In *Conde*, the collector omitted "or any portion thereof" from the section 1692g(a)(4) disclosure creating the impression, the consumer argued, consumers could only dispute the entire debt. *Conde*, 752 Fed. Appx. at 937. The Eleventh Circuit affirmed dismissal, finding that, despite the omission, consumers would still understand they could dispute any portion of the debt. *Id.* at 938.

Thus, Plaintiffs' assertion that the Eleventh Circuit has held that a collector may not legally depart from the *exact* language of section 1692g is wrong. The Eleventh Circuit, and its constituent courts, have repeatedly rejected claims based on slavish readings of section 1692g. Instead, they ask whether, as a matter of law, a consumer would read the notice and understand the information section 1692g requires to be provided, even if the language of the statute is modified.

5

In *Bishop*, the court found that the consumer would not be so aware, because the collector neglected to inform consumers that only *written* disputes require the collector to mail them a verification or any judgment underlying the debt, fatal to the motion to dismiss. *Bishop*, 817 F.3d at 1274. But in *Leonard*, *Caceres*, and *Conde*, the Eleventh Circuit found consumers would still understand the section 1692g information after reading the notices and, as a result, affirmed dismissal of these claims, on the pleadings.

Likewise, ERC's letter here presents the information required by section 1692g(a)(4), that upon a written request or dispute from the consumer, ERC will mail the consumer verification or a copy of a judgment against the consumer. 15 U.S.C. § 1692g(a)(4). Plaintiffs challenge ERC's use of "any" in the disclosure instead of the word "a." This modification simply does not present a different meaning than the statutory language. Either way, the notice informs consumers that, if they submit a written dispute in the thirty days following receipt, then ERC will not assume the debt valid and will provide verification of the debt or a copy of any judgment against the consumer. Thus, the slight departure does not violate either sections 1692g or 1692e, and this Court should hold that no *plausible* claim under those statutes can be based on the statement that ERC would "obtain verification of the debt or a copy of any judgment that may be of record against you" in place of "a copy of a judgment against [you]." *Compare* Am. Compl. (DE 10) at Exh. 1, 2, 3 *with* 15 U.S.C. 1692g(a)(4).

To support their claims in Count I, Plaintiffs suggest a consumer **could speculate** that ERC would not comply in good faith with its obligations to mail the consumer verification of the subject account. But Plaintiffs cannot state a claim on the argument that ERC might have separately violated the Act if the consumer had exercised rights. *See, e.g.*, Greig v. Backer Aboud Poliakoff & Foelster, LLP, No. 9:16-cv-81316, 2017 WL 57026, at *6 (S.D. Fla. Jan. 5, 2017) (rejecting hypothetical situation where collector might attempt to avoid obligations under section 1692g based on permitted alteration in section 1692g(a)(4)'s statutory language).

Finally, Plaintiffs misapprehend ERC's argument at page 9 of its motion. ERC does not concede that one can plausibly read ERC's letter to mean ERC can provide unrelated judgments to the consumer to comply with section 1692g. ERC argues that **even if it were plausible** to infer ERC would potentially violate the Act in this way, which it is not, then the statutory language—using the indefinite article *a*—would then also give rise to the same inference as using the indefinite *any* in referring to judgments against the consumer. As such, the letter would not violate

sections 1692g or 1692e as the consumer would still understand the statutory rights and any modification would not cause a different meaning than the statute itself. As such, Count I fails to state a claim under either section 1692e or section 1692g of the Federal Act.

> IV. **The Plaintiffs have no support for the assertion that offering "discounted options" represents anything about taxes, credit reporting, or any other ramifications of paying less than what the creditor is entitled to collect.**

As with Count I, this Court may reject the claim in Count II as implausible. Plaintiffs offer no legal support for their claims that ERC made a false representation to them by stating that ERC was "authorized to resolve your account for less than the full balance by offering discounted options[.]" Opp. (DE 20) at 11-12. Instead, Plaintiffs merely retread their legal conclusions from the Amended Complaint without any authority to support them.

Plaintiffs argue use of "discounted options" in the letters somehow creates a false impression about the nature of ERC's offer to accept less than the full amount owed to satisfy the account. Plaintiffs conclude there is legal distinction between *discount* and *settlement*, but offer nothing to support this semantic argument. In fact, the plain meaning of the two words does not support that *settlement* is a more accurate term for what ERC is offering in its letters than *discount*.

*Settle* is defined as "resolve or reach an agreement about (an argument or a problem)," "[e]nd (a legal dispute) by mutual agreement," and "accept or agree to (something that one considers to be less than satisfactory)."[1] *Discount* is defined as "deduct an amount from (the usual price of something)" and "reduce (a product or service) in price."[2] These words, in the context of an unpaid account, provide the consumer with the same information and connotation—ERC is offering to accept less than what is owed to resolve the accounts and end collection.

The use of "discounted options" contains absolutely no representations as to changes in credit reporting or tax liability resulting from acceptance of ERC's offer, and the Plaintiffs offer nothing to counter the case law from this District so holding. In *Valle*, Judge Scola expressly rejected this same argument from Plaintiff's counsel—that a "discounted offer" to accept less than owed to resolve the debt would have the same effect as paying the account—reasoning:

> The letter makes no representation that acceptance of the discounted offer would have the "same net result as paying the full amount of the debt," nor has the Plaintiff pointed to any statutory requirement or case law requiring that a debt collector disclose the tax or credit consequences of settling a debt for less than the full amount. The mere fact

---

[1] Settle, Lexico, https://www.lexico.com/en/definition/settle (last visited Oct. 16, 2019).
[2] Discount, Lexico, https://www.lexico.com/en/definition/discount (last visited Oct. 16, 2019).

> that the letter describes the offer being extended by the [the collector] does not constitute a false representation or a deceptive means of collecting the debt.

*Valle*, 252 F. Supp. 3d at 1341 (granting judgment on the pleadings for the collector). Nothing in the letters provides any tax advice or suggests ERC would do anything other than what the Fair Credit Reporting Act requires, reporting accurate information about consumers. 15 U.S.C. § 1681s-2(a)(1)(A). Thus, as their counsel knows, Plaintiffs cannot state a claim based on an unreasonable interpretation or language plainly absent from the letter. *See Jones v. Prof'l Fin. Co., Inc.*, No. 17-61435, 2017 WL 6033547, at *2-3 (S.D. Fla. Dec. 4, 2017) (dismissing claim that stating fees on an account were zero could mean that they were only temporarily zero).

In fact, to the extent there is any difference between the connotations of *settle* and *discounted*, *settle* would actually contribute to a murkier understanding of the consequences. The Internal Revenue Code requires taxpayers to list forgiven debt as taxable gross income. *See* 26 U.S.C. § 61. In one of its consumer-facing publications on the subject, the IRS states:

> If a lender **discounts** (reduces) the principal balance of a loan because you pay it off early, or agrees to a loan modification (a "workout") that includes a reduction in the principal balance of a loan, the amount of the discount or the amount of principal reduction is canceled debt.

IRS, Canceled Debts, Foreclosures, Repossessions, and Abandonments, Pub. 4681 at 4 (2018) (available at https://www.irs.gov/pub/irs-pdf/p4681.pdf) (emphasis supplied). Thus, the IRS requires consumers to pay taxes on amounts *discounted*. Amounts reduced because of settling a real dispute over the owed amount, however, are not taxable. *See Zarin v. Comm'r*, 916 F.2d 110 (3d Cir. 1990); *McCormick v. Comm'r*, 98 T.C.M. 357, 2009 WL 3380320, at *2 (T.C. 2009).

Nor have Plaintiffs offered any authority to counter the ample case law from around the country holding there is no obligation to inform a consumer of potential ramifications of paying less than owed. Rather, Plaintiffs merely argue they are entitled to present their claim to a jury, although the claimed misrepresentation, that paying less than owed on the account will have the exact same result as paying the full amount due to the creditor, is plainly absent from ERC's letters. As discussed above, Plaintiffs are not entitled to argue a claim to a jury where "there is no basis for a reasonable jury to conclude that a consumer would be deceived or misled." *Holzman*, 920 F.3d at 1271. *See also Everett v. Fin. Recover Servs., Inc.*, No. 1:16-cv-1806, 2016 WL 6948052, at *6 (S.D. Ind. Nov. 16, 2016) (granting motion to dismiss where the consumer "has unreasonably

found meaning in the language that is plainly absent."). Where, as here, the claim is not based on the content of the subject letter, there can be no such reasonable basis.

## V. Conclusion

Congress passed the Act with the express dual purposes of eliminating abusive debt collection practices and "insur[ing] that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Bishop*, 817 F.3d at 1277 (*quoting* 15 U.S.C. § 1692(e)). ERC offered, though it was not required to, an opportunity to each of the Plaintiffs to pay less than was owed on their accounts. Instead of accepting these opportunities, Plaintiffs each filed individual claims under the Federal and Florida Acts based on using *any* in place of *a* and using *discounted* when the Plaintiffs claim ERC should have used *settlement*. Once ERC moved to dismiss these semantic claims, indicating it would not pay a settlement, Plaintiffs amended their claims to assert a class action.

Plaintiffs assert they are entitled to argue their claims, regardless of legal support, to a jury. Plaintiffs are guaranteed no such right under the Federal Act or Eleventh Circuit precedent. Rule 12(b)(6) exists to test the legal sufficiency of claims to keep a plaintiff with "a largely groundless claim" from being allowed to "take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Twombly*, 550 U.S. at 546 (*quoting Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 347 (2005)). This Court should not permit the Plaintiffs to contravene sound policy and jurisprudence to advance their groundless claims beyond the pleadings in this matter.

**SMITH, GAMBRELL & RUSSELL, LLP**

*/s/ Scott Gallagher*
Scott S. Gallagher
Florida Bar No. 0371970
Email: ssgallagher@sgrlaw.com
Richard D. Rivera
Florida Bar No. 108251
Email: rrivera@sgrlaw.com
Nicole Kalkines
Florida Bar No. 1003293
Email: nkalkines@sgrlaw.com
50 North Laura St, Suite 2600
Jacksonville, FL 32202
(904) 598-6111
(904) 598-6211 fax
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 5th Street, Suite 1744
Fort Lauderdale, FL 33301
Email: jibrael@jibraellaw.com
Email: tom@jibraellaw.com
*Attorneys for Plaintiffs*

                                               */s/ Scott Gallagher*
                                                   Attorney